[No. B079598. Second Dist., Div. Four. Sept. 20, 1996.]

RACHEAL HODGES et al., Plaintiffs and Appellants, v.
JOEL MARK et al., Defendants and Appellants.

COUNSEL

Wallace S. Fingerett and Robert A. Lisnow for Defendants and Appellants.

Racheal Hodges, in pro. per., for Plaintiffs and Appellants.

OPINION

**VOGEL (C. S.), P. J.**—This is an appeal following a court trial resulting in a judgment for the plaintiffs, Racheal Hodges and Carlos Hodges, enjoining the defendants, Joel Mark, Paul Calvo, Jeff Mann, and Ivan Campana, from foreclosing on two deeds of trust each securing a $50,000 promissory note made by plaintiffs in favor of Joel Mark. The plaintiffs have filed a cross-appeal from a nonsuit granted in favor of defendant Mark.

FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 1991, plaintiffs filed a complaint to enjoin Mark from foreclosing on several parcels of plaintiffs' real property, contending that the foreclosures would violate the antideficiency statutes. The complaint alleged that Mark made fraudulent misrepresentations about the apartment building which was the subject of the underlying transaction spawning this litigation. The operative facts are drawn from the complaint and are summarized below.

In December 1990, Hodges, as buyer, and Mark, as seller, entered into a purchase and sale agreement for the purchase of a 30-unit apartment building at 5201-5211 Hoover Street and 802-810 West 51st Street, Los Angeles,

California. Pursuant to the terms of the agreement, Hodges paid Mark $784,250 for the apartment building. The entire purchase price was represented by notes and deeds of trust constructing a wraparound mortgage covering the existing secured obligations encumbering the apartment building. These include: (1) assumption of a preexisting first trust deed in favor of Quaker Savings and Loan of approximately $500,000; (2) assumption of a preexisting second trust deed in favor of Gold Coast Home Loan in the sum of approximately $40,000; (3) a $19,000 new fourth trust deed on the apartment building, in favor of the broker in the transaction; (4) a $114,000 new third trust deed on the apartment building, in favor of Mark; (5) a $50,000 first trust deed of trust in favor of Mark placed on Hodges's personal residence; and (6) a second, $50,000 first trust deed in favor of Mark, secured by a duplex owned by Hodges.

On May 10, 1991, Mark filed a notice of default as to the apartment building based on Hodges's default on the obligation secured by the third deed of trust. Mark exercised the power of sale contained in the deed of trust, accomplishing a nonjudicial foreclosure. The property was reconveyed to Mark on September 12, 1991, following the trustee's sale.

On June 10, 1991, Mark filed a notice of default on the two deeds of trust securing the $50,000 promissory notes and initiated foreclosure on Hodges's house and duplex. The foreclosure was halted by the commencement of the present litigation.

The action was tried without a jury. The trial court granted Mark's motion for nonsuit as to the plaintiffs' cross-complaint alleging fraud. The trial court found that "the $100,000.00 [two $50,000 promissory notes] was not a down payment, but was in fact additional security provided by the debtor, and under the California Code of Civil Procedure 580d, relief is granted [to the plaintiffs]." Based on this finding in the trial court's statement of decision, judgment was entered for the plaintiffs, precluding Mark from foreclosing on the deeds of trust encumbering plaintiffs' residence and duplex.

## ISSUES

(1) Mark contends that the foreclosure of the Hodges residence and duplex is not barred by Code of Civil Procedure sections 580a through 580d. (2) Hodges's cross-appeal alleges that the motion granting nonsuit on her cause of action for fraud was not supported by the evidence.

## DISCUSSION

*Deficiency Judgment*

█ This court will independently review any matter which does not involve the resolution of disputed facts. (*Ghirardo* v. *Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].) █ In the instant case, it is only necessary to determine the applicability of Code of Civil Procedure sections 580a through 580d.

When a separate part of the purchase price is represented by a separate promissory note, secured by real property other than the property being sold, the antideficiency statutes enacted by Code of Civil Procedure sections 580a through 580d do not apply. (*Hatch* v. *Security-First Nat. Bank* (1942) 19 Cal.2d 254, 262 [120 P.2d 869]; 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust and Mortgages, § 9:182, p. 598.) This allows the beneficiary to foreclose the separate security instruments independently. (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 466 [289 P.2d 463]; *Hatch* v. *Security-First Nat. Bank, supra*, 19 Cal.2d at p. 260.)

In *Hatch*, several individuals executed notes secured by deeds of trust which were affixed to real property which was secondary to the real property that was the subject of the sale. Upon the failure of these individuals to pay the underlying debt, Security First National Bank foreclosed on the real property secured by the first deed of trust. The bank followed that by a nonjudicial foreclosure of the additional secured real property. In response, the trustors filed a quiet title action alleging that the nonjudicial foreclosure of the additional security was an attempt to collect a deficiency judgment. The Supreme Court disagreed, finding that Code of Civil Procedure section 580a does not protect property which is only secondarily liable. (*Hatch* v. *Security-First Nat. Bank, supra*, 19 Cal.2d at p. 260.) Instead, it found that the antideficiency statutes only apply in the case where there is an attempt to recover a personal judgment after all security is exhausted. (*Ibid.*)

The case at bar is similar. Hodges assumed a wraparound mortgage in order to pay for the purchase of an apartment building from Mark. There was no cash payment; the mortgage constitutes the entire purchase price of $784,250. The mortgage is secured as follows: (1) $500,000 by a preexisting, first trust deed on the subject property, (2) $40,000 by a preexisting, second trust deed on the subject property, (3) $114,000 by a new third trust

deed on the subject property, (4) $19,000 by a new fourth trust deed on the subject property, (5) $50,000 by a first trust deed on other real property (the Hodges's residence), and (6) $50,000 by a first trust deed on other real property (the Hodges's duplex). Since the $100,000 which the trial court mentions in its order is secured by real property other than the apartment building, and this money represents a severable portion of the purchase price, the antideficiency statutes do not apply.

The trial court found that Code of Civil Procedure section 580d barred the foreclosure because it was a deficiency judgment. The court stated that the $100,000 security represented additional security for the same obligation, therefore, by foreclosing on the apartment building, Mark was precluded from foreclosing on both the Hodges's residence and duplex. As evidenced by the *Freedland* case, this interpretation is clearly erroneous.

In *Freedland,* the plaintiffs were the owners of an off-sale liquor business which included the license, stock in trade, and equipment; they also held a lease of the premises on which the business was conducted. They sold all items to the defendant, who paid part of the purchase price in cash. The remainder of the purchase price was covered by two promissory notes. These notes represented a single obligation. The first note was secured by a chattel mortgage on the equipment sold to the buyer. The second note was secured by a second trust deed on real property owned by the defendant. When the defendant defaulted on the installment payments under the notes, the plaintiffs foreclosed under the trust deed. Later, the defendant foreclosed on the chattel mortgage and obtained a deficiency judgment. The court found that Code of Civil Procedure section 580d prohibits deficiency judgments where property has already been lost through a power of sale. (*Freedland* v. *Greco, supra,* 45 Cal.2d at p. 466.) However, the court did not prohibit the seller from foreclosing on both the real property and the chattel mortgage. (*Ibid.*)

California's antideficiency laws do not preclude a creditor from pursuing all security given to collateralize an indebtedness. Thus, a guarantor of a promissory note secured by a deed of trust is not protected against a deficiency judgment. "A guaranty is simply additional security for the obligor's debt. ([Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach* (1963)] 51 Cal.L.Rev. 1, 27.) Additional security in the form of property (*Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463]; *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869]), or assignments or rents (*Mortgage Guar. Co.* v. *Sampsell,* 51 Cal.App.2d 180 [124 P.2d 353]), can be exhausted notwithstanding the antideficiency legislation. In order to achieve consistency, a guarantor's obligation must also be

enforceable. 'There seems to be no better argument in favor of protecting the guarantor than there is for protecting other property.' (51 Cal.L.Rev. 1, 25.)" (*Heckes* v. *Sapp* (1964) 229 Cal.App.2d 549, 553 [40 Cal.Rptr. 485].) Applying that analysis to the present matter, there is no reason for protecting the Hodges's other property given to secure their obligation and evidenced by the deeds of trust recorded against their residence and duplex, because such property is "simply additional security." (Accord, *Resolution Trust Corp.* v. *Bayside Developers* (9th Cir. 1994) 43 F.3d 1230, 1243.)

The controlling principle here is best summarized by Witkin: "C.C.P. 580b prohibits only a deficiency judgment in the strict sense, i.e., a *personal judgment* against the debtor. It does not prevent the creditor from realizing on additional security, such as a chattel mortgage . . . . [Citations.]" (3 Witkin, Summary of Cal. Law (9th ed. 1987) Secured Transactions in Real Property, § 162, p. 661, italics in original.) Here Mark had every right to foreclose on the additional security of the plaintiffs' residence and duplex.

*Nonsuit*

■ In reviewing a judgment of nonsuit, this court will review the evidence in the light most favorable to the party appealing the nonsuit. (*Nally* v. *Grace Community Church* (1988) 47 Cal.3d 278, 291 [253 Cal.Rptr. 97, 763 P.2d 948]; *Carson* v. *Facilities Development Co.* (1984) 36 Cal.3d 830, 839 [206 Cal.Rptr. 136, 686 P.2d 656].) ■ However, appellant's omission of the reporter's transcript precludes appellant from raising any evidentiary issues on appeal. (*Cosenza* v. *Kramer* (1984) 152 Cal.App.3d 1100, 1102 [200 Cal.Rptr. 18].)

As a cross-appellant, it is Hodges's responsibility to ensure that the record contains the reporter's transcript. Since the reversal of a nonsuit requires the review of the evidence presented to the trial court, and a reporter's transcript was not provided, we do not reach the merits of Hodges's claim.

DISPOSITION

To the extent the judgment entered on August 24, 1993, granted relief to plaintiffs, the judgment is reversed. In particular, paragraphs 1 (granting declaratory relief to plaintiffs), 2 (enjoining defendants from nonjudicial and judicial foreclosures), 4 (cancellation of notes and deeds executed by plaintiffs in favor of defendants), and 6 (quiet title in favor of plaintiffs) of the

judgment are reversed and the trial court is directed to enter new and different orders denying those forms of relief to plaintiffs. The trial court's grant of nonsuit to defendants on the fraud cause of action is affirmed (paragraph 3) as is its judgment in favor of defendants on the wrongful foreclosure action (paragraph 5). Defendants and appellants Joel Mark et al. to recover costs on appeal.

Hastings, J., and Baron, J., concurred.

The petition of plaintiffs and appellants for review by the Supreme Court was denied January 15, 1997.