Filed 2/17/16  Winslow v. King's Townhouses Homeowners Assoc. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREGORY WINSLOW, | B263104 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC493053) |
| v. | |
| KING'S TOWNHOUSES HOMEOWNERS ASSOCIATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Melvin Teitelbaum for Plaintiff and Appellant.

Slaughter, Reagan & Cole, Barry J. Reagan and Gabriele M. Lashly for Defendant and Respondent.

_____

Plaintiff Greg Winslow appeals from the judgment entered in favor of defendant King's Townhouses Homeowners Association (the Homeowners Association),[1] in his action for negligence, violation of the California Common Interest Development Law, and breach of fiduciary duty. Winslow argues the trial court committed reversible error by ruling inadmissible the reports of plaintiff's expert, Dr. Kaye Kilburn, and omitting a finding of liability as to damage to plaintiff's property. Due to the absence of a reporter's transcript of the trial and motion proceedings, or a suitable substitute such as a settled or agreed statement, Winslow has not established error or prejudice. We therefore affirm.

## PROCEDURAL BACKGROUND

Winslow's operative first amended complaint alleged he is a resident of a condominium project in Granada Hills. Defendants are the Homeowners Association and board members, directors, and officers of the association. Winslow alleged that defendants failed and refused to protect his residential unit from water damage. Injury resulted from mold, diminution of property value, loss of use, and property damage. The mold contamination caused personal injury to Winslow, including neurological and physical injuries. Defendants' conduct violated statutory duties under the California Common Interest Development Law (Civ. Code, § 1365 et seq.) and breached their fiduciary duties to Winslow. Defendants filed an answer.

Defendants filed six motions in limine prior to a bench trial. In limine motion No. 3 sought to exclude any reference to the reports or opinions of Dr. Kilburn, on the grounds Dr. Kilburn was unavailable to testify at trial due to his death, he had not been made available for deposition and had not been subjected to cross-examination, and any reference to his reports or opinions would be highly prejudicial. Winslow filed an opposition, arguing that Dr. Wu, another one of his witnesses, testified at deposition that

---

[1] Also named as defendants were Edward Goldstein, Steve Hipsman, James Kolberg, Joyce Kolberg, and Nora Kuwamura, who are apparently officers or directors of the Homeowners Association. The individual defendants are not parties to this appeal.

2

he relied on the report of Dr. Kilburn in forming his opinions. Defendants filed a reply to the opposition, contending the opposition was not timely filed. On the merits, defendants argued Dr. Kilburn's report constitutes inadmissible hearsay, and Winslow's expert witness at trial may state he relied on other experts, but he is not permitted to reveal the contents of the other expert opinions.

The appellate record does not disclose the trial court's ruling on in limine motion No. 3. During trial, Winslow filed a brief urging admission of Dr. Kilburn's report. The record contains no indication of a midtrial ruling on Winslow's request to admit the report.

After several days of trial, the court granted defendants' motion for judgment pursuant to Code of Civil Procedure section 631.8.[2] A minute order issued reflects the following ruling: "The court finds no evidence of diagnosed or diagnosable injury, and no testimony that the plaintiff has a brain injury. [¶] The full ruling is better reflected in the notes of the official court reporter pro tem."

After denying Winslow's untimely request for a statement of decision, the trial court entered a signed judgment in favor of defendants. Winslow filed a timely notice of appeal.

---

[2] Section 631.8 provides in pertinent part as follows: "(a) After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make a statement of decision as provided in Sections 632 and 634, or may decline to render any judgment until the close of all the evidence. The court may consider all evidence received, provided, however, that the party against whom the motion for judgment has been made shall have had an opportunity to present additional evidence to rebut evidence received during the presentation of evidence deemed by the presenting party to have been adverse to him, and to rehabilitate the testimony of a witness whose credibility has been attacked by the moving party. Such motion may also be made and granted as to any cross-complaint."

## DISCUSSION

This court directed the parties to brief whether Winslow's failure to provide a reporter's transcript, or a suitable substitute such as a settled or agreed statement, warrants affirmance based on the inadequacy of the record. Winslow's opening brief, which contains no statement of facts from the trial, takes the position the issues raised on appeal were briefed in the trial court "without any factual dispute as to those issues," and no reporter's transcript on appeal is necessary. The Homeowners Association argues in the respondent's brief that the issues raised by Winslow involve discretionary rulings on the admissibility of evidence, and Winslow cannot establish an abuse of discretion without an adequate record. The Homeowners Association further argue that without a reporter's transcript Winslow cannot establish that any error is prejudicial. We agree with the Homeowners Association that the record is inadequate for appellate review. We hold Winslow has not carried his burden on appeal of establishing error and prejudice.

The numerous situations in which appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript or a suitable substitute of a pertinent proceeding was provided are set forth in *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 (*Foust*). (See, e.g., *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided].) A plaintiff appealing an adverse judgment has the burden of providing an adequate record, because the judgment is presumed correct and error must be affirmatively shown. (*Foust*, *supra*, at p. 187; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

The record on appeal is unquestionably inadequate to address the issues presented regarding the admissibility of Dr. Kilburn's report, because the issues each involve review of the discretionary rulings of the trial court. (*Sargon Enterprises, Inc. v.*

4

*University of Southern California* (2012) 55 Cal.4th 747, 773 [unless trial court rules as a matter of law, rulings excluding or admitting expert testimony are reviewed for abuse of discretion]; *People v. Valdez* (2012) 55 Cal.4th 82, 133 [trial court's ruling under Evidence Code section 352 is reviewed for abuse of discretion]; *People v. Hamilton* (2009) 45 Cal.4th 863, 940 [trial court has broad discretion in determining the relevance of evidence].)  The absence of a reporter's transcript, or suitable substitute, or any minute order reflecting the court's rulings, precludes review of the discretionary ruling made by the trial court.  This court has no means of identifying what arguments were made or abandoned in hearings on the admissibility of Dr. Kilburn's report, nor do we have any insight into the reasoning employed by the trial court.

Winslow's opening brief contains no recitation of facts from the trial.  As a result, this court has no way to determine whether Winslow presented any credible evidence sufficient to establish the Homeowners Association's liability, whether with or without Dr. Kilburn's report.  Without a complete record, Winslow cannot establish that exclusion of Dr. Kilburn's report had any impact on the trial court's decision to grant the Homeowners Association's motion for judgment under Code of Civil Procedure section 631.8.  Winslow has not met his burden of affirmatively establishing prejudicial error. (Cal. Const., art. VI, § 13; Evid. Code, § 354.)

Winslow's remaining argument, that the trial court erred by not making specific factual findings regarding property damage, is also without merit.  First, Winslow did not make a timely request for a statement of decision, and we "must assume that the trial court made whatever findings are necessary to sustain the judgment and we indulge all presumptions in favor of the order.  [Citations.]" (*Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 140; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Second, the minute order reflecting the order granting the motion under Code of Civil Procedure section 631.8 specifically indicates, "The full ruling is better reflected in the notes of the official court reporter pro tem."  Because Winslow has not provided this court with a reporter's transcript or suitable substitute reflecting the full ruling of the

court, he has failed to present a complete record sufficient to sustain his burden of establishing error or prejudice.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to King's Townhouses Homeowners Association.


KRIEGLER, J.

We concur:


TURNER, P. J.


BAKER, J.