Filed 8/3/16  Zavieh v. RWW Properties LLC CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MEGAN E. ZAVIEH,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>RWW PROPERTIES LLC,<br><br>        Defendant and Respondent. | A145977<br><br>(Alameda County<br>Super. Ct. No. HG12-615549) |

Megan E. Zavieh lost her home in a nonjudicial foreclosure sale (Civ. Code, § 2924).  She filed a complaint to quiet title and alleged, among other things, the existence of an enforceable agreement to modify her loan and irregularities in the foreclosure sale.  Her complaint named JP Morgan Chase Bank (Chase), California Reconveyance Company (Cal Recon), and RWW Properties LLC (RWW) as defendants. The trial court found no enforceable agreement to modify and concluded Zavieh could not quiet title because RWW, who purchased the property at the foreclosure sale, was a bona fide purchaser without notice of any defects.  Zavieh appeals from the judgment entered in favor of RWW, contending the trial court improperly deprived her of an opportunity to litigate her quiet title cause of action.[1]  Zavieh elected to proceed without a reporter's transcript on appeal and has failed to show error on the face of the record.  We affirm.

---

[1] Zavieh's claims against Chase and Cal Recon are not at issue on appeal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

In March 2000, Zavieh acquired property located in Fremont, California (the Property) by gift from her father, James J. Murray.  In late 2007, Zavieh obtained a mortgage on the Property from Washington Mutual Bank.  The deed of trust named Cal Recon as trustee.

In October 2008, Chase informed Zavieh that it had acquired certain Washington Mutual Bank assets, including the right to service and collect payments on her loan.  Between June and October 2009, Zavieh and Chase exchanged correspondence regarding a loan modification application.  Soon after Zavieh sent Chase additional documentation it requested, including a Home Affordable Modification Program (HAMP) hardship affidavit, she fell behind in her payments.  Between February and September 2010, either Murray or Zavieh made seven payments of $1,292 to Chase, under a "Trial Period Plan."  However, in November 2010, Chase told Zavieh it could not offer her a permanent loan modification because it was not approved by the loan's owner given the net present value calculation, which estimated the cash flow to the owner of the modified and unmodified loan.  Zavieh subsequently authorized Murray to act as her agent for purposes of dealing with Chase on issues related to the loan modification and foreclosure process.

---

[2] Zavieh's "Statement of Facts" and "Statement of the Case" are almost entirely devoid of citation to the record as required by California Rules of Court, rule 8.204(a)(1)(C).  Accordingly, we could disregard her arguments on appeal.  (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826-827, fn. 1.)  However, Zavieh has twice sought writ relief in this court from a lis pendens expungement order, the first of which resulted in an unpublished opinion reciting much of the factual and procedural history of this case.  (*Zavieh v. Superior Court* (Apr. 2, 2015, A142768) (*Zavieh I*) [granting a writ of mandate to vacate expungement order].)  Additionally, Zavieh and RWW each filed unopposed requests for judicial notice.  We grant both requests (Evid. Code, §§ 452, subd. (d)(1), 459) and take judicial notice of (1)  *Zavieh I* ; (2) Zavieh's second petition in this court for writ relief from a lis pendens expungement order (No. A146809); (3) an unlawful detainer judgment and statement of decision in a trial court action between RWW and Murray (*RWW Properties, LLC v. Murray* (Super. Ct. Alameda County, 2013, No. RG13-676304)); and (4) the dismissal of Murray's appeal from the unlawful detainer judgment (No. A140794).  Thus, the facts recited herein are largely drawn from *Zavieh I* and our independent review of the record.

*Foreclosure Sale*

Chase recorded a notice of default in June 2011, which stated Zavieh was in default in the amount of $49,006.68. The notice also stated Zavieh failed to pay principal and interest installments from March 2010 and thereafter. In late 2011, a notice of trustee's sale was posted at the Property.[3]

Cal Recon conducted a nonjudicial foreclosure sale on December 20, 2011, at which RWW was the highest bidder. Murray, who announced he was acting as Zavieh's agent, appeared at the sale and claimed the sale was improper due to lack of timely notice of the sale and other irregularities. A trustee's deed was issued in favor of RWW and recorded. The trustee's deed stated: "All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with."

*Zavieh's Action*

On February 2, 2012, Zavieh initiated the action below by filing a complaint to quiet title and for declaratory relief. That same day, she filed a notice of pendency of action in Alameda County Superior Court, and the notice was recorded five days later. Her operative fourth amended complaint alleged six causes of action: (1) wrongful foreclosure against Chase and Cal Recon; (2) breach of contract against Chase; (3) negligent infliction of emotional distress against RWW; (4) intentional infliction of emotional distress against all three defendants; (5) quiet title against RWW; and (6) injunctive relief.[4]

---

[3] The parties dispute when the notice of trustee's sale was actually posted on the Property. Zavieh asserts Murray would have testified the notice was not posted until December 6, 2011. RWW maintains it was posted on November 29, 2011.

[4] The third cause of action was dismissed by Zavieh during trial; the sixth cause of action to halt RWW's unlawful detainer proceedings was rendered moot; and Zavieh ultimately dismissed Chase and Cal Recon. Thus, only the fourth and fifth causes of action as to RWW are disputed on appeal.

3

*RWW's Unlawful Detainer Action Against Murray*

In August 2013, RWW filed an unlawful detainer action against Murray to obtain possession of the Property. In an amended statement of decision filed the following November, it was ruled that Murray's appearance at the foreclosure sale and his announcement of alleged irregularities in notice did not provide sufficient information for an uninformed third party to conclude there was a serious legal impediment to the sale. Therefore, RWW was a bona fide purchaser for value of the Property without notice within the meaning of Civil Code section 2924, subdivision (c).[5] Murray's appeal of the unlawful detainer judgment was dismissed in February 2014 for failure to procure the record within the time allowed (see Cal. Rules of Court, rule 8.140(b)(1)).

*The Motion to Expunge*

In May 2014, RWW filed a motion to expunge the lis pendens. RWW contended the notice should be expunged because Zavieh's complaint did not affect either title to or possession of the Property; RWW was a bona fide purchaser without notice within the meaning of Civil Code section 2924, subdivision (c) and entitled to a conclusive presumption that all procedural requirements for the notices of default and sale had been satisfied; and the unlawful detainer judgment obtained against Murray collaterally estopped Zavieh from attacking the validity of RWW's title because she was in privity with Murray, who acted as her agent. RWW also argued the true goal of Zavieh's complaint was recovery of damages and a lis pendens was inappropriate where money damages would be sufficient. The motion was granted and an order expunging the lis pendens and granting RWW attorney fees was entered in July 2014.

---

[5] Civil Code section 2924, subdivision (c) provides: "A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice."

*Zavieh I*

Zavieh filed a petition for writ of mandate in this court, and the order expunging the lis pendens and granting RWW attorney fees was reversed in *Zavieh I*. We held the trial court (1) erroneously ruled Zavieh's first cause of action for wrongful foreclosure did not contain a real property claim, and (2) application of collateral estoppel to bar the fifth cause of action for quiet title was overbroad since the unlawful detainer judgment did not preclude all of Zavieh's claims.

Only the second ground for reversal has application to this appeal. On that point, we observed: "The trial court found Zavieh's fifth cause of action for quiet title stated a real property claim but concluded she had failed to establish the probable validity of that claim. ([Code Civ. Proc.,] § 405.32.) It held Zavieh was collaterally estopped by the judgment in the unlawful detainer action against Murray, a judgment that had determined RWW was a bona fide purchaser without notice entitled to a conclusive presumption that the trustee's sale had been regularly conducted. (See Civ. Code, § 2924, subd. (c).) According to the trial court: 'Collateral estoppel applies because (1) the issue presented in the unlawful detainer action, i.e., was RWW a bona fide purchaser for value of the subject property pursuant to Civil Code []§ 2924(c), is the same issue presented here; (2) there was a final judgment on the merits in the unlawful detainer proceeding; and (3) [Zavieh] is in privity with James Murray, the defendant in the unlawful detainer action.'

"The elements of collateral estoppel are well established. ' "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements." ' (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943.)

5

"The parties devote much of their briefing to debating whether the final element of collateral estoppel is present here, i.e., whether Zavieh and Murray were in privity. We need not resolve that issue, however, because we conclude RWW failed to establish the first element. Zavieh argues, and we agree, that the issues in the two proceedings are not identical. For even if we assume the unlawful detainer judgment is binding on Zavieh—a question we do not decide—that judgment would bar only some, but not all, of the claims she asserts in this action.

"A judgment in an unlawful detainer action generally has very limited preclusive effect and will not prevent a party dispossessed of property from bringing a subsequent action to resolve issues of title. (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255 (*Vella*).) An exception to this rule is contained in [Code of Civil Procedure] section 1161a, which 'provides for a *narrow and sharply focused* examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title.' ([*Vella*, at p. 255], italics added.) Thus, in an unlawful detainer action brought under [Code of Civil Procedure] section 1161a, the court necessarily must decide whether the purchaser at the trustee's sale acquired legal title to the property at issue in accordance with Civil Code section 2924. (*Malkoskie v. Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968, 974.) The resulting unlawful detainer judgment is therefore a determination that the foreclosure sale was conducted in accordance with Civil Code section 2924. ([*Malkoskie*, at p. 974].)

"Consequently, a judgment in an unlawful detainer action will preclude 'subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale[.]' (*Vella, supra,* 20 Cal.3d at p. 256.) The judgment will not, however, bar subsequent claims not directly connected to the conduct of the trustee's sale. (*Ibid*.) This is because Civil Code section 2924 does no more than 'establish presumptions about the adequacy of *notices* related to a foreclosure sale[.]' (*Bank of America v. La Jolla Group II* (2005) 129 Cal.App.4th 706, 713.) The presumption created by Civil Code section 2924 does not preclude actions alleging other defects in the foreclosure process.

6

(See *id.* at p. 714.) For example, '[n]o statute creates a presumption—conclusive or otherwise—for any purchaser—bona fide or otherwise—that any recitals in a trustee's deed render effective a sale that had no contractual basis.' (*Ibid*.) 'The [Civil Code] section 2924 presumptions pertain only to notice requirements, not to every defect or inadequacy short of fraud.' (*Ibid*.)

"While Zavieh certainly alleges Chase and Cal Recon failed to respect the statutory notice requirements applicable to the trustee's sale, that is not her only claim. For example, *in addition to the notice defects, her complaint asserts Chase had no power of sale because it breached the alleged HAMP modification agreement and violated regulations applicable to HAMP.* She claims the breach and violation of the regulations rendered subsequent 'foreclosure actions' improper. *Breach of such a modification agreement, if established, would render the trustee's sale void because Chase would have lacked a contractual basis to exercise the power of sale*. (*Chavez* [*v. Indymac Mortgage Services* (2013)] 219 Cal.App.4th [1052,] 1063.) Such a claim is 'a challenge not to the statutory proceeding but to something outside of it.' (*Plastino v. Wells Fargo Bank* (N.D.Cal. 2012) 873 F.Supp.2d 1179, 1190.) It therefore falls outside the scope of the unlawful detainer judgment.

"Simply put, this action involves issues not presented in the unlawful detainer proceeding. Thus, even if the unlawful detainer judgment binds Zavieh, it does not preclude her causes of action in their entirety. (See *George v. California Unemployment Ins. Appeals Bd.* (2009) 179 Cal.App.4th 1475, 1488 [state personnel board findings precluded relitigation of some issues related to plaintiff's retaliation claim, but did not entirely bar cause of action].) The trial court applied collateral estoppel too broadly to defeat all claims in the fifth cause of action. And since RWW argued *only* the issue of collateral estoppel and did not contradict Zavieh's arguments on the claims falling outside the scope of the unlawful detainer judgment, it has forfeited any challenge to her showing of probable validity on those claims." (*Zavieh I, supra,* A142768, fns. omitted & some italics added.)

After the writ proceeding in *Zavieh I*, the underlying civil case proceeded to trial. Chase and Cal Recon's motion to bifurcate the trial was granted "and a court trial was first conducted to determine whether there had been an agreement between [Zavieh] and Chase to modify her loan. At the conclusion of the court trial, Chase and Cal Recon moved for judgment under Code of Civil Procedure section 631.8."

The trial court's June 12, 2015 statement of decision primarily sets forth its reasons for determining Zavieh did not have a loan modification agreement with Chase. After stating its conclusion on the contractual portion of Zavieh's case and that "Chase and Cal Recon did not wrongfully foreclose on the home," the court stated: "In addition, because RWW is a bona fide purchaser without notice of any void trustee sale, the court will not quiet title in favor of [Zavieh]."[6] The court also provided: "The motion by Chase and Cal Recon for judgment is GRANTED as to the entire action. Chase and Cal Recon are ordered to submit a proposed judgment in favor of defendants Chase, Cal Recon, and RWW consistent with this order for the court's review and signature, plus costs of suit."

Judgment was entered in favor of Chase, Cal Recon, and RWW, stating that Zavieh "failed to establish, by admissible evidence, any of her claims and any of her causes of action." Zavieh filed a timely notice of appeal from the judgment entered in RWW's favor.

## II.    DISCUSSION

Zavieh does not challenge the trial court's findings or conclusions with respect to her contract cause of action. Instead, she focuses on her quiet title cause of action against

---

[6] In the footnotes of its statement of decision, the trial court cited *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1255–1256 and "*RWW Properties, LLC v. James J. Murray*, Third Amended Judgment and Statement of Decision, Superior Court of California, County of Alameda, (2013) RG13 676304, p. 4, where the Court determined in the unlawful detainer action that the Notice of Default was not invalid and is law of the case."

RWW and maintains she was improperly deprived of the opportunity to fully litigate her claims.

Zavieh points out that she alleged three different theories for recovering title: (1) Chase breached its contract to modify Zavieh's loan, (2) Chase and Cal Recon issued a void notice of default which could not support a valid trustee sale, and (3) Chase and Cal Recon did not provide proper notice of trustee's sale. Because the bench trial was limited to the first question of whether a modification contract existed, Zavieh's position is that the trial court improperly concluded RWW was a bona fide purchaser "without taking any evidence or argument from the parties as to whether RWW had in fact been on actual notice of defects in the foreclosure process, and without taking any argument or testimony from the parties as to whether collateral estoppel applied . . . ." Zavieh maintains the trial court's application of collateral estoppel was erroneous for another reason—she was not a party to the unlawful detainer action or in privity with Murray. RWW, on the other hand, insists Zavieh has provided an inadequate record and was in privity with Murray. According to RWW, the trial court correctly concluded, after resolving her contract claim adversely, that the unlawful detainer judgment precluded Zavieh from recovering title under her other two theories.

Zavieh asks us to review "the trial court's dismissal of [her] entire case de novo, as it is a question of law whether the matter was fully litigated." Zavieh insists her appeal presents "an unusual procedural posture, as there was no motion to dismiss [her] remaining claims at the end of the limited trial, nor a motion for judgment on the pleadings . . . . Instead, the court took testimony on a discrete issue, then issued its judgment which went far beyond what the parties expected it to handle and dismissed the matter entirely." We agree with RWW that Zavieh has failed to meet her burden to provide an appellate record showing error.

It is a cardinal rule of appellate review that "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate

9

court.  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)  "It is the appellant's responsibility to include in the appellate record the portions of the reporter's transcript relevant to the appellant's issues on appeal." (*In re Valerie A.* (2007) 152 Cal.App.4th 987, 1002.)  " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Zavieh has proceeded by way of appendix and has not provided this court with a certified reporter's transcript under rule 8.130 of the California Rules of Court.  Contrary to California Rules of Court, rule 8.124(b)(3)(B),[7] Zavieh provided uncertified transcripts, within her appendix, from April 3, April 21, and April 22.  The limited record suggests Zavieh may very well have had an opportunity to fully litigate her case.  On the first day of trial (April 3, 2015), the trial court mentioned its concern that the remaining causes of action against RWW—the third cause of action for negligent infliction of emotional distress, fourth cause of action for intentional infliction of emotional distress, and fifth cause of action for quiet title—could be subject to nonsuit because of the collateral estoppel effect of the unlawful detainer judgment.  The court indicated it wanted to receive additional briefing and discuss the matter further "on Monday"— presumably April 6, 2015.  However, Zavieh elected to proceed with this appeal without any record of the oral proceedings from that day.[8]

---

[7] "An appendix must not: [¶] . . . [¶] . . . [c]ontain transcripts of oral proceedings that may be designated under rule 8.130." (Cal. Rules of Court, rule 8.124(b)(3)(B).)

[8] We cannot agree with RWW that the record before us shows Zavieh forfeited her current argument by failing to object.  Zavieh filed objections to the trial court's tentative statement of decision, in which she maintained "it is premature to render judgment on all causes of action."  Zavieh also filed a trial brief, in which she asserted collateral estoppel has no application.

In her reply brief, Zavieh argues the missing transcripts are not "material" to this appeal. She also minimizes the trial court's April 3 requests for further briefing, saying "[t]he court's comments are of no concern to this appeal *unless there was an actual motion and/or a ruling.*" (Italics added.) This begs the question. Without a reporter's transcript, how can we conclude that no rulings, concessions, or additional arguments were made on April 6 or thereafter? It is entirely possible that the absent reporter's transcripts would show Zavieh either conceded or was, in fact, permitted to litigate all of her claims and/or the applicability of collateral estoppel. We cannot assume the contrary. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [appellant has the burden on appeal to provide an adequate record showing error]; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [" 'a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides . . . , but ignores or does not present . . . portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed"]; Cal. Rules of Court, rule 8.163.)[9]

Zavieh failed to furnish an adequate record. Accordingly, we cannot address the merits and the judgment must be affirmed. (*Maria P. v. Riles, supra,* 43 Cal.3d at p. 1295; *Foust v. San Jose Construction Co., Inc., supra,* 198 Cal.App.4th at p. 187; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [because reversal of nonsuit ruling requires review of evidence presented to trial court, merits of appellant's claim cannot be reached when reporter's transcript not provided].)

## III.    DISPOSITION

The judgment is affirmed. RWW is to recover its costs on appeal.

---

[9] California Rules of Court, rule 8.163 provides: "The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record."

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
SIMONS, J.

A145977

12