Filed 11/26/24  Ramirez v. Cortes CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KRISTEN RAMIREZ, | |
| Respondent, | F087680 |
| v. | (Super. Ct. No. BFL-23-004955) |
| MICHAEL CORTES, | |
| Appellant. | **OPINION** |

## <u>THE COURT</u>[*]

APPEAL from an order judgment of the Superior Court of Kern County.  Kevin Francis Moran, Temporary Judge.

Michael Cortes, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

Michael Cortes appeals from the trial court's order granting a two-year domestic violence restraining order (DVRO) against him for the protection of Kristen Ramirez and her brother who lived with her.  Cortes, who has represented himself throughout these proceedings, contends the order is not supported by substantial evidence and the trial

---

[*] Before Peña, Acting P. J., Smith, J. and DeSantos, J.

court was biased against him.  Ramirez did not file a respondent's brief.  We affirm because Cortes failed to provide an adequate record on appeal to allow us to review his claims.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual summary is limited because the appellate record is inadequate.  The only document Cortes designated for inclusion in the clerk's transcript is the minute order of the hearing on Ramirez's request for a restraining order.  Consequently, the clerk's transcript contains only the minute order, the restraining order after hearing, the notice of filing of appeal, the notice of appeal, Cortes's notice designating the record on appeal, and the register of actions.  Also, there is no record of the hearing testimony, as Cortes elected to proceed without a record of the oral proceedings.  Although there was no court reporter at the hearing, Cortes did not provide an agreed or settled statement of the proceedings.

Accordingly, we cannot glean much from the record.  Ramirez filed a request for a domestic violence restraining order which, according to Cortes's appellate brief, alleged Cortes sexually abused her during their three-year relationship.  The details of her request or the evidence supporting it, however, are not in the record.  Cortes filed a response and declaration, but we do not know what his response was as these documents are not in the record.  According to Cortes's appellate brief, he ended the relationship because he feared for his life.

The hearing on Ramirez's request was held on February 22, 2024, where the parties represented themselves.  The minute order states that no court reporter was present, Ramirez was sworn and testified, as were four witnesses who testified on her behalf, three witnesses were sworn and testified on Cortes' behalf, and Cortes was sworn and testified.  After the parties presented argument, the trial court found, pursuant to Family Code section 6300, subdivision (a), that there was good cause, based on the totality of the evidence, the affidavit, and testimony of the parties, to issue restraining

orders as requested. The minute order states the restraining order is valid for two years, to expire on February 22, 2026, and firearm restrictions are in full force and effect. The trial court found Cortes did not own or possess any firearms and advised him that he could not own, possess, buy or receive any firearms, ammunition or body armor. The minute order states there is an exhibit list that shows the items marked for identification or admitted into evidence, but neither the list nor the evidence admitted is included in the clerk's transcript. The trial court ordered the exhibits to be returned to the offering party.

On February 26, 2024, a two-year restraining order was filed, which lists Ramirez and her brother as being protected by the order, and Cortes as the restrained person. The order prohibits Cortes from committing acts of abuse, from contacting Ramirez and her brother, and orders him to stay at least 100 yard away from them.

## DISCUSSION

On appeal, Cortes contends the trial court erred in issuing the restraining order because it granted the order "based on slanderous testimony and based on appearance only," which was a "clear case of judicial bias." Cortes claims the testimony of Ramirez and her witnesses was "slanderous" and she was unable to satisfy her burden of proof that the alleged conduct occurred. He specifically asserts that it was clear the relationship was consensual and nothing devious happened, Ramirez failed to provide any proof that he was abusive, the evidence showed Ramirez was happy with the relationship, and Ramirez's mother and another individual who testified at the hearing were unable to prove he committed any of the "atrocities" Ramirez alleged he committed. Cortes submits Ramirez sought the restraining order solely out of hate and pettiness because Cortes left the relationship.

The difficulty with Cortes's arguments on appeal is that he has not provided us with an adequate record to evaluate his claims of error. We review the trial court's order under the abuse of discretion standard since an order granting a domestic violence restraining order " ' " 'rests in the sound discretion of the trial court upon a consideration

3.

of all the particular circumstances of each individual case.' " ' " (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1495, quoting *Salazar v. Eastin* (1995) 9 Cal.4th 836, 849–850.) To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.)

" 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) As the appellant, Cortes has the burden of establishing reversible error. (*Jameson*, at p. 609; *Denham*, at p. 566.) Even though Ramirez did not file a respondent's brief, we must "examine the record and consider the opening brief and oral argument, if any, to determine whether the trial court's ruling was prejudicial error." (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419, fn. 2.)

It is well settled that a party challenging a judgment must show reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson*, *supra*, 5 Cal.5th at p. 609.) As particularly applicable in the present appeal, *Estate of Fain* (1999) 75 Cal.App.4th 973 (*Fain*) instructs: "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment [or order] must be conclusively presumed correct as to all evidentiary matters. To put it another way, *it is presumed that the unreported trial testimony would demonstrate the absence of error.*" (*Id.* at p. 992, italics added & deleted.) Very simply, " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson*, at p. 609.)

Cortes contends there is insufficient evidence to show he engaged in conduct warranting a restraining order and the trial court was biased against him as shown by its issuance of the restraining order. Without a record of the testimony received at the hearing by way of a reporter's transcript, audio recording, or agreed or settled statement (Cal. Rules of Court, rules 8.130(h), 8.134, 8.137), we must presume the facts supported the trial court's findings. In the absence of a record of evidence received at the hearing, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.) Although Cortes has represented himself throughout these proceedings, the procedural rules apply the same to self-represented parties as to parties represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 ["a party appearing in propria persona … is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].)

Because we are unable to evaluate Cortes's contentions due to the inadequate record, we must affirm the trial court's issuance of the restraining order. (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The February 26, 2024 order granting the domestic violence restraining order is affirmed.