Filed 12/6/24  Szabo v. Protacio CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TIBOR SZABO,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>MATTHEW PROTACIO,<br><br>      Defendant and Respondent. | A169797<br><br>(City and County of San Francisco Super. Ct. No. CGC-20-586104) |

Tibor Szabo appeals from the dismissal of his claims against his former business partner, Matthew Protacio, after a bench trial.  Szabo challenges the trial court's conclusion that he failed to carry his burden of proof at trial.  In addition, Szabo challenges the court's determination, based on Protacio's counter-claim, that he owes Protacio over $36,000 under the parties' partnership agreement.  Because Szabo has not supplied an adequate record for appellate review, we affirm.

### BACKGROUND

After Szabo and Protacio opened a gallery and event space together, their relationship soured and a number of conflicts arose.  Szabo subsequently sued Protacio for breach of contract, defamation, slander, fraud, violation of privacy, assault, conversion, violation of the "computer abuse act," invasion of privacy, trespass, breach of fiduciary duty, and negligence,

seeking several million dollars in damages. When Szabo obtained a waiver of court fees, the order granting his waiver request stated that he would not have to pay any "[r]eporter's fee for attendance at hearing or trial, . . . if [he were to] request that the court provide an official reporter." Protacio subsequently filed a cross-complaint against Szabo, alleging breach of their partnership agreement and other claims not at issue in this appeal.

During the two-day trial, no court reporter was present to transcribe the proceedings. The trial court heard testimony from six witnesses, including Szabo and Protacio, and received numerous exhibits into evidence. After Szabo rested his case, Protacio successfully moved to dismiss all of Szabo's claims for insufficient evidence. The court dismissed Szabo's claims with prejudice because he "failed to prove each of his claims against . . . Protacio by a preponderance of evidence." The court noted that Szabo failed to prove any damages. As for Protacio's cross-claim for breach of the partnership agreement, given Szabo's concession at trial, the court ordered Szabo to pay Protacio $36,370.50 owed under their partnership agreement.

## DISCUSSION

Szabo challenges the trial court's decision to dismiss his claims for insufficient evidence. He also challenges the evidentiary sufficiency of the court's order on Protacio's cross-claim. Both arguments require us to examine the evidence at trial, including not only the documentary evidence, but the oral testimony. The problem is that Szabo is proceeding without a reporter's transcript.

On appeal, we presume that the trial court's decision is correct, and it is Szabo's burden both to demonstrate error and to provide an adequate record for our review. (*See Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).) Without a trial transcript, we are unable to meaningfully review Szabo's

2

arguments concerning the sufficiency of the evidence at trial. (*See Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187-188 [affirming judgment because meaningful appellate review was not possible where appellant challenged the sufficiency of the evidence after a three-day trial, but failed to provide a trial transcript]; *see also Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 124 ["if the appellant fails to present a record that contains all of the evidence before the trial court, the appellate court's ability to review evidentiary issues is limited"]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [explaining that failure to provide a trial transcript precludes the appellant from raising any evidentiary issues on appeal].)  For example, Szabo relies heavily on documentary evidence in the clerk's transcript, but oral testimony may have contradicted or elaborated on his documentary evidence.  Similarly, the trial transcript may well contain the basis for the trial court's finding that Szabo conceded that he owed Protacio $36,370.50 under the partnership agreement.  Absent a transcript, we must presume that any matters necessary to justify the trial court's decision were so presented.  (*Jameson, supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The judgment is affirmed.


BURNS, J.

WE CONCUR:


JACKSON, P.J.
CHOU, J.

*Szabo v. Protacio (A169797)*

3