Filed 1/28/25  Moberg v. Moberg CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LISA J. MOBERG, | D084357 |
| Respondent, | |
| v. | (Super. Ct. No. ED97245) |
| OWEN E. MOBERG, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sharon L. Kalemkiarian, Judge.  Affirmed.

Owen E. Moberg, in pro. per., for Appellant.

No appearance for Respondent.

Owen Moberg (Husband) challenges the trial court's decision to grant his ex-wife, Lisa Moberg (Wife), a restraining order against him and denying him one against her.  Because the limited record he provides leaves us unable to evaluate his claims, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The following summary is taken from the clerk's transcript and the augmented record.

The parties were married in 2014.  In 2015, Wife initiated a divorce, which was final in 2017.  They had four children together and reconciled and split up several times after the divorce.

According to a Family Court Services (FCS) parenting plan, Wife was convicted of felony child cruelty in 2020.  At one point, Wife lost custody of the children due to her third conviction for driving under the influence.  FCS recommended that she complete an alcohol prevention course, which she did.  Wife also completed a parenting program in 2019 and attended one Alcoholics Anonymous meeting per month.

## DISCUSSION

Husband alleges that the trial court abused its discretion in granting a domestic violence restraining order (DVRO)against him and denying his request for a DVRO against Wife.  Specifically, he alleges that the trial court "did not review all the information at hand [and] was also emotionally manipulated by Ms. Moberg's testimony."

A court's decision to issue or deny a DVRO is reviewed for abuse of discretion.  We affirm the court's decision unless it is unsupported by substantial evidence.  (*Herriott v. Herriott* (2019) 33 Cal.App.5th 212, 223).

In this case, we cannot conduct such a review with the record before us, because "appellant's omission of the reporter's transcript precludes appellant from raising any evidentiary issues on appeal" including the sufficiency of the evidence to support the court's decision.  (*Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)  We do not have access to the testimony or evidence presented at the trial, because Husband has not provided the reporter's transcript of the testimony by the witnesses during the two day trial, nor does the record include most of the exhibits that were admitted into evidence at trial.

We granted Husband's request to augment the record. He provided an FCS report, which reflects Wife's conviction of the felony charge of child cruelty. The augmentation also includes an FCS report that summarized reports from the Child Welfare Services (CWS) which Husband offers to rebut claims that he was emotionally abusive towards his children. Specifically, the report states that from December 2021 to March 2022 and from November 2022 to February 2023, the CWS investigation into allegations of emotional abuse of his children were inconclusive. Further, an additional CWS investigation from August 2023 to October 2023 concluded the allegation of emotional abuse towards his children was unfounded. Husband contends on appeal that the inconclusive and unfounded CWS findings prove that the trial court erred in granting Wife's request and that the evidence was otherwise insufficient to support the restraining order against him.

As noted above, Husband has failed to produce an adequate appellate record for us to assess these sufficiency of evidence issues. Even after augmentation, the record is not sufficient. Because it is Husband's burden on appeal to supply an adequate record, he has forfeited his arguments as to the sufficiency of evidence. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Even if we were able to consider these arguments on the merits, however, we would reject them. After a two-day evidentiary hearing, the trial court detailed its findings and reasoning in a single-spaced, two and one-half-page minute order, finding that Wife was credible because "on the stand [she] was emotional and fearful, and very concerned and anxious when discussing Mr. Moberg's treatment of her and the children. The court found this demeanor genuine and not rehearsed." In contrast, the trial court found that "Mr. Moberg's testimony was not credible," citing to his untruthful testimony about marijuana usage. The court also found that "Mr. Moberg's

3

behavior represents emotional abuse and coercive control of Mrs. Moberg and of the two older children." The trial court gave specific examples of evidence of Husband's controlling behavior:

- "His destroying of [Wife's] garage door;

- "His incident in May 2023 in which he threatens to smack [his son] in front of [another child] and Mrs. Moberg, who then has to get in the car with him to take the boys to their sporting event;

- "The incident in June 2023 with the belt in which he threatens to beat the boys slapping the belt next to them on the bed, causing distress and disturbing Mrs. Moberg's calm;

- "The incident in November 2023, in which he is chasing [his son], refuses to give the boys their things, and pushes Mrs. Moberg causing injuries."

The trial court noted that statements given by Wife and from the boys alleging Husband's angry and volatile nature were supported by the testimony of Husband's sister, the children and the maternal grandmother. His sister testified that she witnessed his volatility and anger towards the children and Wife. If believed by the trial court, the testimony of even a single witness is sufficient evidence for a finding of abuse and the issuance of a DVRO. (See, e.g., *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 517, citing *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 823; see also *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [testimony of single witness, even the party herself, may be sufficient].) Here, it is clear that the court believed Wife and several other witnesses and disbelieved Husband. As an appellate court, "we do not second-guess the calls the trial court made regarding credibility." (*Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 349).

4

DISPOSITION

The orders of March 7, 2024 are affirmed.

KELETY, J.

WE CONCUR:

HUFFMAN, Acting P. J.

BUCHANAN, J.