[No. AO18214. First Dist., Div. Five. Mar. 12, 1984.]

JAMES J. COSENZA, Plaintiff, Cross-defendant and Respondent, v. BARRY KRAMER, Defendant, Cross-Complainant and Appellant.

COUNSEL

Willard L. Alloway and Hardin, Cook, Loper, Engel & Bergez for Plaintiff, Cross-defendant and Respondent.

Harvey J. Sande for Defendant, Cross-complainant and Appellant.

## OPINION

**KING, J.**—Dr. Barry Kramer appeals from a judgment in favor of James Cosenza arising from Cosenza's performance of roofing work on Kramer's residence, which was completed in February of 1978. When Kramer refused to pay Cosenza the balance owing of $1,450, Cosenza, on September 21, 1978, sued Kramer in municipal court. Kramer filed a cross-complaint for breach of contract and fraud alleging damages in excess of the jurisdiction of the municipal court, which required the case to be transferred to the superior court. After trial, a judgment was entered in favor of Cosenza on the complaint and against Kramer on the cross-complaint.

■ Kramer's appeal is on a partial clerk's transcript. He contends that the evidence established his entitlement to judgment as a matter of law. This contention is not cognizable on an appeal on a partial clerk's transcript; the evidence is conclusively presumed to support the judgment. (*Ford* v. *State of California* (1981) 116 Cal.App.3d 507, 513 [172 Cal.Rptr. 162]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 240, 400, pp. 4232, 4368.)

■ Kramer also claims that he was entitled to judgment because Cosenza failed to plead and prove that he was a licensed contractor (see Bus. & Prof. Code, § 7031). This claim also is not cognizable, as Kramer has not included in the clerk's transcript a copy of the complaint showing the alleged pleading defect, and the alleged failure of proof is not shown in a reporter's transcript. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 373, p. 4345.) Further, any pleading defect was almost certainly waived and/or cured by subsequent pleadings and proof. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 653, 837, pp. 2278-2279, 2443.)

■ The foregoing discussion demonstrates that this appeal "indisputably has no merit" and was taken solely for delay. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) On our own motion we issued to both Kramer and his counsel an order to show cause why sanctions should not be imposed pursuant to Code of Civil Procedure section 907 and California Rules of Court, rule 26(a).[1] After a hearing on the merits of imposing sanctions, at which Dr. Kramer failed to appear, we conclude that penalties of $1,500 each should be imposed on Kramer and his attorney.

Dr. Kramer and his attorney have joined together to misuse the appellate process to delay the payment of a legitimate obligation of $1,450 for over

---

[1] The decision by Dr. Kramer and his attorney to file the cross-complaint may itself have been frivolous and for the purpose of delay, but our consideration of the issue of imposition of sanctions is limited to their conduct since trial.

six years and to compel the opposing party to expend legal fees and costs far in excess of the amount sought in the litigation. Under the circumstances of this case, the responsibility for this conduct must be borne not only by the client, but also by the attorney. Counsel failed to carry out his professional responsibilities as an officer of the court. ■ An attorney in a civil case is not a hired gun required to carry out every direction given by the client. (Bus. & Prof. Code, § 6068, subd. (c).) As a professional, counsel has a professional responsibility not to pursue an appeal that is frivolous or taken for the purpose of delay, just because the client instructs him or her to do so. (Rule 2-110(C), Rules Prof. Conduct.) Under such circumstances, the high ethical and professional standards of a member of the bar and an officer of the court require the attorney to inform the client that the attorney's professional responsibility precludes him or her from pursuing such an appeal, and to withdraw from the representation of the client.

The judgment is affirmed. A penalty of $1,500 is imposed upon Dr. Barry Kramer. A further penalty of $1,500 is imposed on his counsel, Harvey J. Sande. These penalties will be recovered as costs by Cosenza.

Low, P. J., and Haning, J., concurred.