Filed 3/25/15  County of Alameda v. Mars CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF ALAMEDA et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>DENNIS MARS,<br><br>        Defendant and Appellant. | A142290<br><br>(Alameda County<br>Super. Ct. No. C801834) |

Appellant Dennis Mars appeals from the trial court's order denying his motion to set aside a 1998 judgment of paternity and/or to modify a child support order that, in part, requires him to pay five months' worth of support arrearages.  He asserts he was never served with the 1998 complaint to establish paternal obligations, and claims the child support order was based on erroneous factual findings.  We affirm the order denying his motion to set aside the judgment and dismiss as untimely the appeal of the child support order.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Appellant is the father of a daughter who was born in July 1998.  During that year, a default judgment of paternity was entered, reserving jurisdiction over child support.[1]

---

[1] The 1998 order is not included in the record on appeal.  The Alameda County Department of Child Support Services indicates that it is providing child support services pursuant to Family Code section 17400, and states that it obtained the 1998 judgment.  Based on discussions in the April 22, 2013 reporter's transcript included in the record on appeal, it appears the 1998 judgment did not order any amount of support and instead reserved jurisdiction to set an amount at a later date.

On February 13, 2013, the Alameda County Department of Child Support Services (DCSS) filed a motion modifying child support from $0 to $134 per month, effective March 1, 2013.[2]

On April 22, 2013, the trial court heard DCSS's motion. DCSS sought support retroactive to August 1, 2012, at $134 per month, based on 0 percent shared parenting time. Appellant objected to the proposed calculation, claiming he and the child's mother, respondent Annette Wright, had both agreed to share parenting responsibilities and to not seek child support. He also claimed the reason he failed to exercise his parenting time was because respondent "deliberately withheld [his daughter] from [him]." The court directed the parents to attend mediation because appellant had filed his own motion regarding custody and visitation.[3] Pending receipt of the proposed parenting plan, the court continued DCSS's motion to June 20, 2013, reserving jurisdiction to modify support to August 1, 2012.

On June 20, 2013, the trial court ordered appellant to pay child support in the amount of $628 per month for the period of August 1, 2012, through December 31, 2012; $116 per month for the period of January 1, 2013, through March 31, 2013;[4] and $0 per month commencing April 1, 2013. The court reserved jurisdiction to retroactively modify child support back to April 1, 2013. The court found appellant was employed and had no parenting time from August through December 2012, resulting in a monthly support obligation of $628. The court stated it could not take Wright's alleged interference with his custody time into account because he had not filed his custody

---

[2] This motion is not included in the record on appeal. However, the motion is referenced in the April 22, 2013 reporter's transcript.

[3] The motion is also not included in the record on appeal. Appellant testified that he filed it sometime in December 2012.

[4] The support period calculation from January 1 through March 31, 2013 was based on evidence that appellant received monthly unemployment benefits of $906. The trial court also imputed 5 percent parenting time to him because by this time he had filed his motion seeking custody and visitation.

motion in August. The matter was continued to October 21, 2013, to review visitation and child support.

On July 2, 2013, the trial court filed its order after hearing, reflecting its June 20, 2013 support orders.

On August 5, 2013, appellant filed a request for an order modifying child custody, support, and visitation. He indicated the purpose of the motion was to ask the trial court to revisit certain issues that he was "not able to address" during the April 22, 2013 and June 20, 2013 hearings, including issues pertaining to the award of $628 per month for the period of August 1, 2012, through December 31, 2012. For example, he claimed the reason he did not file his motion seeking custody and visitation until December 2012 was because he was unable to take time off work.

Based on the January 30, 2014 transcript, it appears the August 5, 2013 motion was heard on November 13, 2013.[5] At the January hearing, DCSS's counsel observed the order regarding support arrears was filed on July 2, 2013, but appellant's motion was not filed until August 2013, which was beyond the 10-day period for filing a motion for reconsideration. He also had not appealed from the July order. The trial court stated it would obtain a copy of the transcript from the November 2013 hearing to "take a look at what happened." The court then continued the matter to March 5, 2014.[6]

On May 8, 2014, appellant filed another request to modify the July 2, 2013 order. He claimed DCSS's calculations did not account for the fact that he had shared custody of the child during the months of August, September, and October 2012. He also asserted the arrears from November 2012 through January 2013 should be dismissed because Wright had prevented him from seeing the child during that time. Additionally, he

---

[5] The record on appeal does not contain a transcript of the November 13, 2013 hearing. By the January 2014 hearing, the arrears on the case were $3,663 and there had been no payments.

[6] The record does not reflect what orders, if any, the trial court issued at the March 5, 2014 hearing.

3

alleged he was never served with the 1998 complaint, contending the proof of service on file was false.

At a hearing held on June 16, 2014, the trial court denied the motion to modify the support arrears.[7]

On June 26, 2014, appellant filed a notice of appeal from the June 16, 2014 order.

On July 7, 2014, the trial court filed a short form order after hearing, denying appellant's motion to set aside the contested arrears and the 1998 judgment.

## DISCUSSION

### I. *Principles of Appellate Review*

Appellant is not represented by an attorney in this appeal. However, pro. per. litigants are held to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985; *Kobayoshi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) We take this opportunity to set forth well-settled principles of appellate review.

It is a fundamental tenet of appellate law that the lower court's judgment is presumed to be correct. We make all reasonable inferences favoring the court's order, and affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448; *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631.) Any ambiguity in the record is resolved in favor of the judgment. (*Ibid.*)

As the party seeking reversal, it is the appellant's burden to provide an adequate record to overcome the presumption of correctness and show prejudicial error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Cosenza v. Kramer* (1984) 152 Cal.App.3d 1100, 1102.) Thus, an appellant who attacks a judgment or order, but supplies no reporter's transcript of the proceedings, is precluded from asserting that the evidence was insufficient to support the judgment. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385.) In the

---

[7] Once again, the record does not contain the transcript from this hearing.

absence of a reporter's transcript, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

We also note appellant's appellate briefs fail to comply with important rules of court and appellate procedure.[8] He routinely fails to support his factual assertions with citations to the appellate record. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) He regularly fails to support his legal arguments with cogent analysis that applies legal authority to the facts of his case. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116 [claim on appeal may be denied if unsupported by argument applying legal principles to particular facts of case].)

## II. *Appellant Has Consented to Jurisdiction*

Appellant claims he was not served with the 1998 complaint and that the trial court therefore lacked jurisdiction to enter an order of child support. The record on appeal does not include the 1998 complaint or the proofs of service, which he suggests were fraudulently filled out. We also lack the June 16, 2014 reporter's transcript. Accordingly, we are unable to properly review the trial court's July 7, 2014 order denying his motion to set aside the judgment and must deem the issue correctly decided.

Regardless, defective service is not fatal to personal jurisdiction if the appellant consents to jurisdiction over him or her by making a general appearance in the action. (See *In re Jennifer O.* (2010) 184 Cal.App.4th 539, 548 [a " 'general appearance by a party is equivalent to personal service of summons on such party' "]; *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145 [a " 'general

---

[8] Appellant claims DCSS's brief was untimely filed. After we granted DCSS two extensions of time, its brief was due on December 31, 2014. The brief was not filed by that date. However, DCSS was entitled to notice of its failure to file, followed by an automatic 15-day extension of time. (Cal. Rules of Court, rule 8.220(a).) DCSS filed its respondent's brief on January 2, 2015. At that point, no notice had gone out. Thus, the brief was timely.

appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service' "]; accord, *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.) A general appearance occurs when the appellant takes part in the action and " 'in some manner recognizes the authority of the court to proceed.' " (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147; see *Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1037 [if moving party "seeks relief on any basis other than lack of personal jurisdiction, he or she makes a general appearance"]; accord, *Mt. Holyoke Homes, LP v. California Coastal Com.* (2008) 167 Cal.App.4th 830, 844 [general appearance occurs when party, either directly or through counsel, participates in action in some manner that recognizes authority of the court to proceed].) We note that on October 30, 2014, while this appeal was pending, appellant entered into a stipulation below regarding child support, thereby consenting to the trial court's jurisdiction in this matter.

### III. *The Challenge to the Arrears Order Is Untimely*

Appellant challenges the child support arrears awarded on July 2, 2013, for the period from August 2012 through December 2012. He asserts he should have been given credit for parenting time that he exercised during the months of August, September, and October, and should also receive credit for November and December, the months during which Wright allegedly withheld the child from him.

This claim is untimely and thus jurisdictionally barred. Under the applicable rule of court, the notice of appeal had to be filed at the earliest of: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1).) These deadlines apply to appealable orders as well. (Cal. Rules of Court, rule 8.104(e).)

The record does not indicate when appellant was served with the July 2, 2013 order, but even applying the longest deadline — 180 days after entry of that order — the time to appeal expired on December 30, 2013.[9]  Appellant, however, did not file a notice of appeal until June 26, 2014.  His challenge to the trial court's order is thus untimely.

It is settled that even temporary child support orders are appealable orders (e.g., *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 367; *In re Marriage of Guigne* (2002) 97 Cal.App.4th 1353, 1359; Fam. Code, § 3554; Code Civ. Proc., § 904.1, subd. (a)(10)).  Because the July 2013 child support order was an appealable order, yet appellant did not file a notice of appeal until almost one year after the court issued the child support order, the appeal is untimely and we are without jurisdiction to consider it.  (Code Civ. Proc., § 906; *In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1216, citing Code Civ. Proc., § 906 and *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959.)  Accordingly, the appeal from the July 2, 2013 child support order is hereby dismissed.[10]

Even if we had jurisdiction, we would affirm the order because appellant has not provided a complete record on appeal.  Importantly, the transcript of the June 16, 2014 hearing was not included in the record.  Accordingly, we would presume the trial court was presented with substantial evidence to support its findings.

---

[9] The 180-deadline expired on Sunday, December 29, 2013, but because it fell on a Sunday, appellant had until the following Monday to file his notice of appeal.  (Code Civ. Proc., §§ 12, 12a.)

[10] To the extent the June 16, 2014 order from which appellant purports to appeal arises out of a motion to reconsider the prior ruling, we note a ruling on a motion to reconsider under Code of Civil Procedure section 1008 is not appealable.  In *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, the appellate court observed: "The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law.  [Citations.]  'These courts have concluded that orders denying reconsideration are not appealable because "Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." ' [Citation.]" (*Powell,* at pp. 1576–1577; accord, *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769.)

7

## DISPOSITION

As to the finding that the trial court has personal jurisdiction over appellant, the order is affirmed. The appeal is dismissed with respect to the child support order issued July 2, 2013.

                                                             _____

                                                             Dondero, J.

We concur:

_____

Humes, P.J.

_____

Banke, J.