Filed 6/25/15  Silva v. Trilight Properties CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ARI SILVA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TRILIGHT PROPERTIES LLC et al.,<br><br>        Defendants and Respondents. | A142210<br><br>(Alameda County<br>Super. Ct. No. RG13700678) |

After receiving an adverse decision by the Labor Commissioner on his wage and overtime claims, plaintiff and appellant Ari Silva appealed to the superior court.  After a trial de novo, the superior court also ruled against him, finding that time sheets he produced for the first time in the superior court were not authentic, and ruling, as had the administrative law judge (ALJ), that his theories of recovery were contrary to established law.  Silva now appeals from the adverse judgment entered by the court.  We affirm.[1]

The decision by the ALJ reveals that Silva's wage and hour claims arise from his employment as the on-site manager of a 49-unit apartment building between June 15, 2007 and September 30, 2009.  He was required to reside on the premises and was provided an apartment at no cost.  He was also required to be available within a "reasonable" period of time to respond to emergencies 24 hours a day, seven days a week.  During his employment, Silva reported and was paid for any overtime work.  He subsequently claimed he was owed wages and overtime for additional hours he was

_____

[1] We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court, standard 8.1.

1

"available," essentially that he should be compensated for 24 hours a day, seven days a week. The ALJ explained that under the applicable Wage Order No. 5 (Industrial Welfare Commission Order No. 5-2001), public housekeeping employees required to reside on-site do not "work" 24 hours a day, seven days a week. "The compensation of a residential manager in an apartment building, hotel, or other similar business has been extensively litigated and there is well-established case law setting forth an employer's obligations with regard to paying a residential manager for the time he spends at the employer's place of business." The ALJ accordingly rejected Silva's wage and overtime claims, and that became the decision of the Commissioner.

Pursuant to Labor Code section 98.2, subdivision (a), Silva appealed to the superior court and was accorded de novo review of the Commissioner's denial of his wage and overtime claims.[2] In its written decision, the superior court found that during his employment Silva had submitted timesheets and been paid for reported overtime. The court further found that timesheets Silva produced after the administrative hearing were "not authentic time records but an after-the-fact set of records manufactured shortly before trial in an attempt to bolster [his] claim." The court concluded Silva had been paid in accordance with the applicable law.

"The decision of the trial court, after de novo hearing [in a section 98.2 appeal], is subject to a conventional appeal to an appropriate appellate court. [Citation.] Review is of the facts presented to the trial court, which may include entirely new evidence." (*Post, supra,* 23 Cal.4th at p. 948; see *Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 560–561 [substantial evidence standard of review applies to trial court's findings in Lab. Code, § 98.2 appeal].)

---

[2] "Although denoted an 'appeal,' unlike a conventional appeal in a civil action, hearing under the Labor Code is de novo. (Lab. Code, § 98.2, subd. (a).) ' "A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing," that is, a new trial.' [Citation.] The decision of the commissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' [Citation.]" (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 947–948 (*Post*).)

Silva's briefing on appeal to this court does not contain a single citation to the superior court record and contains no discussion of the relevant legal authorities to which the ALJ specifically referred and to which the superior court generally referred. California Rules of Court, rule 8.204(a)(2)(C) requires that an appellant's opening brief provide "a summary of the significant facts limited to matters in the record," and rule 8.204(a)(1)(C) requires all appellate litigants to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. . . ." (Cal. Rules of Court, rules 8.204(a)(1)(C), 8.204 (a)(2)(C).) Rule 8.204(a)(1)(B) requires litigants to "support each point by argument and, if possible, by citation to authority." (*Id.*, rule 8.204(a)(1)(B).)

Thus, reciting purported facts without providing any record cite violates these rules. (See, e.g., *Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 166 ["plaintiffs repeatedly cite to 170 pages of their motion to vacate without directing us to specific pages"] (*Evans*); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 990 ["Sections of the statement of facts in the appellant's opening brief include no record citations at all."].) When a litigant repeatedly fails to provide citations to the record, the rule violation is "egregious," significantly burdening the opposing party and the court. (*Evans*, *supra*, 134 Cal.App.4th at pp. 166–167.) Thus, "any point raised that lacks citation may, in this court's discretion, be deemed waived" or disregarded. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 (*Del Real*); see also *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267 ["To further complicate review, plaintiffs make numerous factual assertions in their briefs without record citation" but "[w]e are entitled to disregard such unsupported factual assertions . . . ."]; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60 [rule applies in demurrer context]; *Hernandez v. Vitamin Shoppe Industries Inc.* (2009) 174 Cal.App.4th 1441, 1453 [" 'an appellate court may disregard any factual contention not supported by a proper citation to the record' "]; *Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 788 ["No record citation is given for this assertion, therefore we disregard it."].)

Further, as the appellant, it was Silva's obligation "to point out portions of the record that support the position taken on appeal." (*Del Real, supra*, 95 Cal.App.4th at p. 768 (*Del Real*). "The appellate court is not required to search the record on its own seeking error." (*Ibid.*) Indeed, as the party seeking reversal, it was incumbent upon Silva to provide an adequate record to overcome the presumption that the trial court was correct and to show prejudicial error. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Cosenza v. Kramer* (1984) 152 Cal.App.3d 1100, 1102.) An appellant who attacks a judgment but supplies no reporter's transcript—which Silva did not provide here—is precluded from asserting that the evidence failed to support the judgment. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385.) In the absence of a transcript, we must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; accord, *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)

Given that not a single assertion in Silva's briefs is supported in a manner that complies with the California Rules of Court, we have disregarded them, and, as we have described above, we base our understanding of the dispute on the few superior court documents supplied and correctly cited by defendants. These records do not show the absence of any evidentiary basis for the superior court's findings and credibility determinations. Nor do they demonstrate any legal error by the court.

We therefore affirm the judgment, given that Silva has not carried his burden of demonstrating either prejudicial error or the absence of evidentiary support for the superior court's decision.

## DISPOSITION

The judgment is affirmed. Respondents to recover costs on appeal.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Margulies, J.

5