Filed 6/2/21  Rodriguez v. Pacific Specialty Ins. Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HENRY RODRIGUEZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>PACIFIC SPECIALTY INSURANCE COMPANY,<br><br>    Defendant and Respondent. | F078262<br><br>(Super. Ct. No. 14C0283)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Romaine Lokhandwala Law Group, William A. Romaine and Zishan Lokhandwala for Plaintiff and Appellant.

Shoecraft Burton, Burton Kelly, Michelle L. Burton and Rachael K. Kelley for Defendant and Respondent.

-ooOoo-

Appellant Henry Rodriguez (Rodriguez) sued respondent Pacific Specialty Insurance Company (Pacific Specialty) for breach of contract and breach of the implied covenant of good faith and fair dealing. Rodriguez appeals from the summary judgment granted in favor of Pacific Specialty. Finding the record on appeal inadequate, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite only those facts either admitted by both parties or for which we find factual support in the limited record before us.

Rodriguez owned a home in Corcoran, California, for which he obtained property and casualty insurance from Pacific Specialty, commencing in 2012. Over the course of Rodriguez's occupancy of the home, structural damage occurred to it, notably fractures of floor joists and ceiling rafters. In late 2012, Rodriguez tendered a claim for property damage to Pacific Specialty, seeking policy benefits to repair the damage.

On two separate occasions, Pacific Specialty dispatched claims adjusters to investigate Rodriguez's claims. Pacific Specialty concluded that the damage to the home that Rodriguez was complaining of was entirely attributable to non-covered causes. Rodriguez then retained counsel, who in turn retained the services of one William Sario, to reanalyze the damage to the home and its cause. Sario concluded that the damage to Rodriguez's home was caused by the cumulative seismic effects of heavy freight trains passing approximately 200 feet from the home, in combination with a heavy stucco façade that had been added to the home well after its initial construction, in the course of a remodeling. Pacific Specialty still denied the claim, concluding that Rodriguez's alleged cause of damage fell under exceptions to coverage in Rodriguez's policy.

On October 31, 2014, Rodriguez sued Pacific Specialty for breach of contract and breach of the implied covenant of good faith and fair dealing based on Pacific Specialty's denial of Rodriguez's claim. Following discovery, Pacific Specialty filed a motion for summary judgment. In opposition, Rodriguez, inter alia, offered a declaration from

2.

Sario, summarizing Sario's conclusions regarding the cause of the damage to Rodriguez's home. Pacific Specialty objected to Sario's declaration in its entirety, and the trial court granted Pacific Specialty's motion to exclude it from consideration in evaluating the motion for summary judgment. On September 14, 2018, the trial court held that Rodriguez failed to raise a triable issue of fact in opposition to Pacific Specialty's motion for summary judgment and granted the motion, holding that Rodriguez's alleged cause of action was excluded by Pacific Specialty's "earth movement exclusion" as a matter of undisputed fact and law.

On October 10, 2018, Rodriguez filed a notice of appeal.

## DISCUSSION

Rodriguez contends that the trial court abused its discretion by granting Pacific Specialty's objections to Sario's proffered expert declaration in opposition to Pacific Specialty's motion for summary judgment. Rodriguez also contends that the trial court erred as a matter of law in granting Pacific Specialty's motion for summary judgment. Rodriguez further contends that there was sufficient evidence of a genuine issue of disputed material fact based upon the contents of his proffered causation expert's declaration to deny Pacific Specialty's motion for summary judgment.

As the appellant, Rodriguez has the burden of proof of establishing error on appeal. (Evid. Code § 500; *Barrie v. California Coastal Com.* (1987) 196 Cal.App.3d 8, 16.) The record he has submitted on appeal consists entirely of an appendix, utilized pursuant to California Rules of Court, rule 8.120(a)(1)(B). Missing from this appendix, however, are the following: Pacific Specialty's motion for summary judgment itself; the parties' separate statements of undisputed material facts; any reply by Pacific Specialty to Rodriguez's opposition to the motion for summary judgment; any opposition of Rodriguez to Pacific Specialty's objections to evidence in reply to Rodriguez's opposition to the motion for summary judgment; any deposition transcripts; and any hearing transcripts. The contested declaration of Rodriguez's causation expert is

3.

included in the appendix but is not signed by the declarant.  Moreover, while certain of Pacific Specialty's evidence in support of its motion for summary judgment is included in the appendix (viz., the policies themselves), it appears that other such evidence was selectively excluded from the appendix (e.g., Pacific Specialty's other evidence offered in support of its motion for summary judgment).  Furthermore, Rodriguez did not attempt to augment the record after Pacific Specialty's respondent's brief pointed out this failure to provide a complete record.  Finally, Rodriguez filed no reply brief.

Rodriguez has failed to provide a sufficient record to enable us to analyze his contentions.  (Cal. Rules of Court, rule 8.124(b)(1)(B).)  No reporter's transcript or other items pertinent to the issues raised have been provided.  (*Id*., rule 8.120(b)(1) [if an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of those oral proceedings in the form of a reporter's transcript, an agreed statement, or a settled statement].)  There are insufficient citations to the record to enable us to verify the facts asserted.  Briefs must provide argument and legal authority for the positions taken; they may not rely upon matters which are not part of the record on appeal.  (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)  Without the proper record, we cannot evaluate issues requiring a factual analysis.  (*Ibid*.)  The evidence is presumed sufficient to support the judgment.  (*Ibid.*; *Cosenza v. Kramer* (1984) 152 Cal.App.3d 1100, 1102 [without proper record, evidence conclusively presumed to support the judgment].)

As Pacific Specialty pointed out in its respondent's brief, Rodriguez's brief and the record on appeal are inadequate to competently evaluate the issues Rodriguez has asserted on appeal.  Thus, these improperly raised issues have been deemed forfeited.  (*Pringle v. La Chapelle*, *supra*, 73 Cal.App.4th at p. 1003; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 [we cannot evaluate contentions absent transcript or settled statement; party challenging judgment has burden to show reversible error]; *In re Hochberg* (1970) 2 Cal.3d 870, 875 [reviewing court limited to matters contained in

record and not those suggested in briefs], rejected on other grounds by *In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 3; *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1 [contentions forfeited when there is failure to support them with legal argument and citations to authority]; *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [on appeal party must provide page citations to record]; *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282–283 [argument of counsel is insufficient; briefs must contain factual underpinning, record references, argument, and authority]; *County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 23 [sufficiency of evidence claims cannot be reviewed from clerk's transcript and exhibits].)

## DISPOSITION

Given the incomplete state of evidentiary affairs, the judgment is affirmed based on Rodriguez's failure to carry his burden to prove error on appeal. Pacific Specialty is entitled to its costs on appeal.

HILL, P.J.

WE CONCUR:


SMITH, J.


MEEHAN, J.

5.