Filed 3/17/26  Marriage of Haynes CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re the Marriage of DAVID and TELETHA HAYNES. | |
| DAVID HAYNES,<br><br>        Respondent,<br><br>v.<br><br>TELETHA HAYNES,<br><br>        Appellant. | A172255<br><br>(Solano County<br>Super. Ct. No. FFL154019) |

### MEMORANDUM OPINION[1]

Teletha Haynes appeals two orders arising from a postjudgment hearing on the division of part of her federal employment retirement benefits: the first, a qualified domestic relations order; the second, the trial court's findings and order after hearing.  We dismiss the appeal of the first order because it is untimely, and we affirm the second order for failures to provide an adequate record for review and supported legal argument.[2]

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

[2] Concurrently, we issue a separate opinion in an appeal of another qualified domestic relations order arising from a later hearing.
(*In re Marriage of Haynes* (Mar. 17, 2026, A173440 [nonpub. opn.].)

BACKGROUND

1. ***Trial Court Proceedings***

In May 2023 the Solano Superior Court entered a judgment dissolving David and Teletha Haynes's nearly 28-year marriage.[3]  Besides dissolving the marriage, the judgment says that part of Teletha's benefits in the Federal Employees Retirement System is subject to equal division of the community estate by the standard mechanism:  a qualified domestic relations order.[4]

On October 9, 2024, the court held the first of several hearings on David's request for order to enforce the judgment's division of retirement benefits.  David had counsel; Teletha did not.  David asked the court to enter his proposed qualified domestic relations order as to Teletha's Federal Employees Retirement System benefits (FERS QDRO) while Teletha objected, arguing the FERS QDRO's division differs from the judgment's.  Ultimately, the court granted David's request over Teletha's objection and directed David's counsel to prepare a written findings and order after hearing (Order After Hearing; see Cal. Rules of Court, rules 5.125, 5.7(a), 1.31; Judicial Council Forms, form FL-340), which she did.

The next day, on October 10, 2024, the court filed the first order, the FERS QDRO, which David's counsel served on Teletha by mail on October 11.  Also on October 11 the court filed the second order, the Order After Hearing, which David's counsel served on Teletha by mail on October 14.

---

[3] We use first names for ease of reference.  (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475–476, fn. 1.)

[4] Based on what both Teletha and David's counsel said in court on October 9, 2024.  Appended to the notice of appeal is a page purportedly extracted from the judgment that seems corroborative; however, the judgment itself is not part of the appellate record.

## 2. *The Notice of Appeal*

In December 2024 Teletha appealed, still representing herself. The notice of appeal identifies only one appealed order: the "Order after Hearing held October 9, 2024," entered on "October 11, 2024" (i.e., the Order After Hearing). The notice also includes 30 pages of attachments. Though the court filed the notice on December 20, it stamped some of the attachments received on December 11. Among those are the Order After Hearing and Teletha's explanation of what she is appealing and why, in part: "Please accept my request to appeal the Judge order for the hearing held on October 9, 2024. [¶] . . . [¶] The FERS QDRO . . . includes multiple options and provisions that were not awarded in the DMJ [the judgment] . . . ." Though the FERS QDRO is also attached to the notice, it is not among the pages the court stamped received on December 11.

## 3. *Appellate Court Proceedings*

In March 2025, before the appellate record was filed, this court requested briefing on whether the Order After Hearing is appealable. David answered yes, though without citation to any legal authority on that question: "[Both the FERS QDRO and the Order After Hearing] are the final judgments for disposition of [Teletha's benefits] in the Federal Employees Retirement System"; thus, "appealable if timely appealed."[5] David then urged dismissal, arguing the appeal is untimely as to both the FERS QDRO and the Order After Hearing because the notice of appeal was filed on December 20, 2024—70 days after service of the FERS QDRO and 67 days after service of the Order After Hearing. This court asked Teletha to address

---

[5] The appellate record, filed later, includes another order after hearing, from December 9, 2024, which is consistent: "Issues regarding division of the parties' interest in FERS were fully adjudicated during the hearing on October 9, 2024. The order for division was filed on October 10, 2024."

3

timeliness in her appealability brief, granting the 30-day extension she requested, but she did not file one.

Consequently, this court dismissed the appeal of the Order After Hearing as untimely while allowing the appeal of the FERS QDRO to proceed, "defer[ring] any decision on appealability, including the timeliness of the appeal with respect to this order, until it addresses the merits of the appeal. . . ." Teletha swiftly moved for reconsideration, emphasizing, "I filed my Notice of Appeal APP-002 on December 11, 2024," and attaching a copy that "shows the complete and accurate document that with [*sic*] the correct filing date . . . ." (Boldface and underscoring omitted.) The attached copy was stamped filed on December 20 but received on December 11. Granting the motion, this court vacated the partial dismissal and wholly reinstated the appeal: "Based on appellant's apparent attempt to file her notice of appeal on December 11, 2024 . . . , the court has decided to allow the appeal to proceed, and to defer any decision on appealability, including the timeliness of the appeal, until it addresses the merits of the appeal," to which we now turn.

## DISCUSSION

### 1. *Both the FERS QDRO and the Order After Hearing are appealable postjudgment orders.*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Because the right to appeal is statutory, an order is appealable only when a statute makes it so. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5; *Griset v. Fair Political Practices Com.*, at p. 696; see Code Civ. Proc., § 901 et seq.; Fam. Code, § 210.) Code of Civil Procedure section 904.1 generally makes appealable an order that itself follows a final, appealable judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).) But not every such order. "To be

4

appealable, a postjudgment order must satisfy two additional requirements": (1) "the issues [in] the appeal from the order must [differ] from those [in] an appeal from the judgment"; and (2) " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 & fn. 3.)[6]  As the final dispositions of that part of Teletha's Federal Employees Retirement System benefits,[7] both the FERS QDRO and the Order After Hearing pass this test.  (*In re Marriage of Cooper* (2008) 160 Cal.App.4th 574, 576, fn. 2.)

**2.**    ***The notice of appeal is untimely as to the FERS QDRO but timely as to the Order After Hearing.***

Per the Appellate Rules (Cal. Rules of Court, rule 8.1 et seq.), to appeal an appealable judgment or order of the superior court, a party must file a notice of appeal within 60 days of service or 180 days of entry of the judgment or order, whichever is earlier.  (Cal. Rules of Court, rules 8.100(a)(1), 8.104(a)(1); see *id.*, rules 8.104(e), 8.7, 1.5(b) [*judgment* is any appealable order; *must* is mandatory].)  In the absence of authorization by law or a public emergency, no court can extend the deadline or relieve a party from the failure to meet the deadline, "even for reasons of equity," " ' "mistake, inadvertence, accident, or misfortune [citations]." ' " (Cal. Rules of Court, rule 8.104(a)(1), (b); *In re A.R.* (2021) 11 Cal.5th 234, 255, fn. 5.)  The consequence:  "If a notice of appeal is filed late, the reviewing court must dismiss the appeal."  (Cal. Rules of Court, rule 8.104(b).)  Per the Rules Applicable to All Courts (Cal. Rules of Court, rule 1.1 et seq.), "a document is

---

[6] *Lakins v. Watkins Associated Industries* discusses Code of Civil Procedure section 904.1, former subdivision (b), now subdivision (a)(2). (See Amendments, Deering's Ann. Code Civ. Proc. (2014 ed.) foll. § 904.1, p. 438; Stats. 1993, ch. 456, § 12, pp. 2533–2534, eff. Jan. 1, 1994.)

[7] See footnote 5, *ante*, page 3.

deemed filed on the date it is received by the court clerk." (Cal. Rules of Court, rule 1.20.)

David's counsel's service by mail of the FERS QDRO and the Order After Hearing triggered the 60-day deadline to appeal either order. (Cal. Rules of Court, rule 8.104(a)(1)(B).) "The Code of Civil Procedure governs computing and extending the time to do any act required or permitted under [the Appellate Rules]." (Cal. Rules of Court, rule 8.60(a).) Per the Code of Civil Procedure: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded," "extend[ing the time] to and including the next day that is not a holiday." (Code Civ. Proc., §§ 12, 12a, subd. (a); see *id.*, §§ 10, 12a, subd. (a), 12b, 135 [holidays defined].) While holidays extend the 60-day deadline, service by mail does not. (Code Civ. Proc., § 1013, subd. (a).)

a.    *The FERS QDRO (Untimely)*

David argues dismissal as to the FERS QDRO is mandatory because the notice of appeal was filed 70 days after service. He is right that dismissal is mandatory, but for the wrong reason. Service of the FERS QDRO occurred on October 11, 2024; sixty days later was Tuesday, December 10, which was not a holiday. The notice of appeal is deemed filed on December 11, when the court clerk received it. It follows that dismissal of the appeal as to the FERS QDRO is mandatory because the notice of appeal was effectively filed 61 days after service.

We emphasize: "The time for appealing [an appealable] judgment [or order] is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56;

6

accord, *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881–883.) "The rule is applicable even though notice of appeal is filed but one day late." (*Nu-Way Associates, Inc. v. Keefe* (1971) 15 Cal.App.3d 926, 928; see *Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 662–664, 674–675 [dismissing appeal based on notice filed one day late; applying Cal. Rules of Court, former rule 2, now rule 8.104].) "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. . . . [But t]he first step, [the] taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court. And of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123–124; accord, *Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 834–835; see *Garg v. Garg* (2022) 82 Cal.App.5th 1036, 1041 ["continuing vitality of *Estate of Hanley*"].)

      b.    *The Order After Hearing (Timely)*

David argues dismissal as to the Order After Hearing is mandatory because the notice of appeal was filed 67 days after service. On this he is wrong. Service of the Order After Hearing occurred on October 14, 2024; sixty days later was Friday, December 13, which was not a holiday. The notice of appeal is deemed filed on December 11, two days before the deadline; thus, timely.

Though the appeal as to the Order After Hearing is timely, we treat Teletha's contentions as waived and affirm.

**3.** ***The appeal as to the Order After Hearing lacks an adequate record for review and supported legal argument.***

A reviewing court generally presumes an appealed order is correct, and it is the appellant's burden to demonstrate that the trial court committed reversible error based on an adequate record. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["the record presented to the appellate court"].) To meet this burden, the Appellate Rules obligate the appellant to support each contention in the opening brief by argument under a separate heading with citations to legal authority and facts in the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).) If the record is inadequate for meaningful review, the appellant defaults and the order is affirmed. (*Jameson v. Desta*, at p. 609.) In addition, the absence of cogent argument or citations to authority or the record allows a reviewing court to treat unsupported contentions as waived. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) These rules apply equally to self-represented parties. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

"[The appellant's] burden remains the same whether or not the respondent files a brief or provides argument or authority on an issue." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 655; *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1 [the failure to file a respondent's brief is not an admission of error].) David did not file a respondent's brief, and Teletha requested argument only if a tentative opinion issues. We therefore decide the appeal on the record and the opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

In the amended opening brief, Teletha's statement of the case summarizes, "The [FERS QDRO] contradicts the Final Judgment of

8

Dissolution of Marriage and includes benefits options that were never discussed, negotiated, or agreed upon by the parties." Much of the statement of facts that follows lacks record citations or refers to material that is not part of the appellate record. Teletha's argument, confined to a single, 10-line paragraph, is in substance: "A QDRO must mirror the court's judgment." "The QDRO improperly increases the Plaintiff share beyond 50% of the community portion." "The QDRO includes benefit options . . . not agreed upon . . . ." Teletha closes with her requested relief: "Reformation or Amendment of the QDRO . . . ." Critically, the judgment is not part of the appellate record, precluding review of whether the FERS QDRO is contradictory.[8] Though the notice of appeal attaches a page purportedly extracted from the judgment, on which Teletha seems to predicate her argument, it is unascertainable whether the page is actually part of the judgment, which Teletha should have augmented the record to include. (Cal. Rules of Court, rule 8.155; see *Cosenza v. Kramer* (1984) 152 Cal.App.3d 1100, 1102 [characterizing as "not cognizable" an argument based partly on failure to plead when the appellate record did not include the related pleading].)

Without the judgment, the record is inadequate to review Teletha's challenge to either appealed order. Even if the record did include the judgment, the Appellate Rules would still preclude us from reviewing the FERS QDRO. And even if we could review the FERS QDRO, we would still treat the contentions in Teletha's amended opening brief as waived because her brief "[is] in dramatic noncompliance with [the Appellate Rules]." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

---

[8] See footnote 4, *ante*, page 2.

## DISPOSITION

The appeal of the FERS QDRO is dismissed.  The Order After Hearing is affirmed.  David is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A172255/*Haynes v. Haynes*

10