Filed 3/17/26  Marriage of Haynes CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re the Marriage of DAVID and TELETHA HAYNES. | |
| DAVID HAYNES,<br><br>        Respondent,<br><br>v.<br><br>TELETHA HAYNES,<br><br>        Appellant. | A173440<br><br>(Solano County<br>Super. Ct. No. FFL154019) |

**MEMORANDUM OPINION**[1]

Teletha Haynes appeals a qualified domestic relations order arising from a postjudgment hearing on the division of her federal Thrift Savings Plan retirement benefits.  We affirm the order for failures to provide an adequate record for review and supported legal argument.

## BACKGROUND

In May 2023 the Solano Superior Court entered a judgment dissolving David and Teletha Haynes's nearly 28-year marriage.[2]  (*In re Marriage of*

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

[2] We use first names for ease of reference.  (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475–476, fn. 1.)

1

*Haynes* (Mar. 17, 2026, A172255) [nonpub. opn.].)[3]  Besides dissolving the marriage, the judgment apparently orders that part of Teletha's benefits in the Federal Employees Retirement System is subject to equal division of the community estate by the standard mechanism:  a qualified domestic relations order.  (*In re Marriage of Haynes, supra*, A172255.)

In March 2025 the court held one of several hearings on David's request for order to enforce the judgment's division of retirement benefits. David had counsel; Teletha did not.  After the hearing, the court filed David's proposed qualified domestic relations order as to Teletha's federal Thrift Savings Plan benefits (TSP QDRO), which Teletha appeals, still representing herself, arguing the order's division differs from the judgment's.  Though the appellate record includes the TSP QDRO, it does not include the judgment or a record of the March 2025 oral proceedings, which were not reported.

## DISCUSSION

A reviewing court generally presumes an appealed order is correct, and it is the appellant's burden to demonstrate that the trial court committed reversible error based on an adequate record.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["the record presented to the appellate court"].)  To meet this burden, the Appellate Rules (Cal. Rules of Court, rule 8.1 et seq.) obligate the appellant to support each contention in the opening brief by argument under a separate heading with citations to legal authority and facts in the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)  If the record is inadequate for meaningful review, the appellant defaults and the order is affirmed.

---

[3] We cite our prior opinion for background.  (Cal. Rules of Court, rule 8.1115(a), (b); *The Utility Reform Network v. Public Utilities Com.* (2014) 223 Cal.App.4th 945, 951, fn. 3.)

(*Jameson v. Desta*, at p. 609.) In addition, the absence of cogent argument or citations to authority or the record allows a reviewing court to treat unsupported contentions as waived. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) These rules apply equally to self-represented parties. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

"[The appellant's] burden remains the same whether or not the respondent files a brief or provides argument or authority on an issue." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 655; *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1 [the failure to file a respondent's brief is not an admission of error].) David did not file a respondent's brief, and Teletha requested argument only if a tentative opinion issues. We therefore decide the appeal on the record and the opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

In the opening brief, Teletha's statement of the case summarizes, "The [TSP QDRO] contradicts the Final Judgment of Dissolution of Marriage and includes benefit options that were never discussed, negotiated, or agreed upon by the parties." Much of the statement of facts that follows lacks record citations or refers to material that is not part of the appellate record. Teletha's abbreviated argument is in substance: "[The judgment says] only retirement contributions, earnings, or accumulations from the date of marriage through the date of separation are community property and subject to division," but the TSP QDRO allocates to David more than his half of the community property part of her Thrift Savings Plan benefits. (Underscoring omitted.)

Critically, the judgment is not part of the appellate record, precluding review of whether the TSP QDRO is contradictory. (See *Cosenza v. Kramer*

3

(1984) 152 Cal.App.3d 1100, 1102 [characterizing as "not cognizable" an argument based partly on failure to plead when the appellate record did not include the related pleading].)  Furthermore, the hearing was not reported, so to the extent Teletha's argument concerns what happened at the hearing, without a record of the oral proceedings we presume what happened at the hearing supports the appealed order.  (Cal. Rules of Court, rule 8.120(b); *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8–9.)  The appellate record is thus inadequate to review Teletha's challenge to the TSP QDRO.  Even if the appellate record did include the judgment or a record of the oral proceedings, we would still treat the contentions in Teletha's opening brief as waived because her brief "[is] in dramatic noncompliance with [the Appellate Rules]." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

## DISPOSITION

The TSP QDRO is affirmed.  David is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


Jackson, P. J.


WE CONCUR:

Burns, J.
Chou, J.


A173440/*Haynes v. Haynes*

4